UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BUILDERS MUTUAL INSURANCE COMPANY, | ) ) ) | |
| *Plaintiff*, | ) ) | Case No. 3:23-cv-187 |
| v. | ) ) | Judge Atchley |
| | ) ) | Magistrate Judge Poplin |
| JOHNNY EDMONDS, individually and doing business as JOHNNY EDMONDS CONSTRUCTION, | ) ) ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is the Motion to Intervene and Dismiss [Doc. 22] by potential intervenors Brian and Colleen Carey ("the Careys"). The Careys seek either intervention as of right under Federal Rule of Civil Procedure 24(a) or permissive intervention under Federal Rule of Civil Procedure 24(b). [Doc. 22]. Additionally, they request that this Court dismiss the instant action by declining to exercise jurisdiction over the pending Declaratory Judgment Act ("DJA") claims because state law remedies are better suited to resolve the underlying controversies between the parties.

For the reasons that follow, the Court will **GRANT** the Motion to Intervene. Additionally, the Court will **GRANT** the Motion to Dismiss and discretionarily decline to exercise jurisdiction over this action.

### II. BACKGROUND

The Careys are North Carolina residents who hired Tennessee resident Johnny Edmonds

to construct a house on property they purchased in Jefferson County, Tennessee. [Doc. 23 at 2]. From July 2015 to July 2019, Edmonds maintained insurance policies with Plaintiff in this action, Builders Mutual Insurance Company ("Builders"). [Doc. 28 at 1]. In August 2018, the Careys filed a Complaint in the Jefferson County Circuit Court. [*Id*.] Builders agreed to defend Edmonds in that action, reserving their rights while investigating the allegations in the Complaint further. [*Id*. at 2]. With a trial in the state court case set for February 2024, after nearly 5 years of representing Edmonds, Builders filed the instant action on May 30, 2023, seeking a declaration that they were not obligated to defend or indemnify Edmonds. [*Id*.]. On August 31, 2023, the Careys filed their Motion to Intervene and Dismiss. [Doc. 22]. Builders filed their Response on September 13, 2023. [Doc. 28]. The Careys replied on September 20, 2023. [Doc. 29]. Having reviewed the record and the briefing by the parties, the Court is now prepared to rule.

### III. LAW

"Rule 24 is to be broadly construed in favor of potential intervenors." *Midwest Realty Mgmt. Co. v. City of Beavercreek*, 93 F. App'x 782 (6th Cir. 2004) (citing *Stupak-Thrall v. Glickman*, 226 F.3d 467 (6th Cir. 2000). To intervene as a matter of right, a proposing intervenor must establish: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed intervenor's interest." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005); Fed. R. Civ. P. 24(a).

Permissive intervention is warranted upon timely motion when a movant "has a claim or defense that shares with the main action a common question of law or fact." Fed R. Civ. P. 24(b)(1)(B). A court may not permissively grant intervention to a proposed intervenor who does

not have a claim or defense that shares with the main action a common question of law or fact that can be resolved in the existing action. *See Buck v. Gordon*, 959 F.3d 219, 223 (6th Cir. 2020). However, "[a] district court operates within a 'zone of discretion' when deciding whether to allow intervention under Rule 24(b)[.]" *Buck*, 959 F.3d at 224. The strong interest in judicial economy and desire to avoid multiplicity of litigation wherever and whenever possible supports permissive intervention. *Id*.

"The Declaratory Judgment Act provides that a district court '*may* declare the rights and other legal relations of any interested party seeking such declaration…' 28 U.S.C. §2201(a)(emphasis added)." *Travelers Indem. Co. v. Bowling Green Professional Associates, PLC*, 495 F.3d 266 (6th Cir. 2007). Further, the "Act gives district courts 'unique and substantial discretion in deciding whether to declare the rights of litigants.'" *American Guarantee and Liability Insurance Co. v. Norfolk Southern Railway Co.*, 278 F. Supp. 3d 1025, 1035 (E.D. Tenn. 2017) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286-87, 115 S.Ct. 2137 (1995)). In the Sixth Circuit, district courts consider five factors when determining whether to exercise jurisdiction under the DJA – 1) whether the declaratory action would settle the controversy; 2) whether the declaratory action would serve a useful purpose in clarifying the legal relations; 3) whether the declaratory remedy is being used for procedural fencing or to provide an arena for a race to res judicata; 4) whether the use of declaratory action would increase friction between state and federal courts or improperly encroach on state jurisdiction; and 5) whether there is a better or more effective alternative remedy. *Travelers Indem. Co.*, 495 F.3d at 271.

**IV. ANALYSIS**

**Motion to Intervene**

The Careys argue that they are entitled to intervene as a matter of right, and in the

3
Case 3:23-cv-00187-CEA-DCP   Document 31   Filed 12/08/23   Page 3 of 11   PageID #: 435

alternative that the Court should grant them permissive intervention. [Doc. 23 at 4-5]. Builders argues that the Careys cannot establish an essential element required for intervention as of right, and that they cannot articulate a claim or defense sharing common questions of law or fact that would qualify them for permissive intervention. [Doc. 28 at 4].

There is no dispute that the Careys' motion is timely, that their ability to protect their interest may be impaired in the absence of intervention, and that the parties before the Court may not adequately represent the Careys' interests. Accordingly, the only *United States v. Michigan* factor that needs to be addressed is whether the Careys have a substantial legal interest in the subject matter of the case.

In their petition to intervene, the Careys claim that they are "additional insureds" under the insurance policy and are also "intended beneficiaries." [Doc. 22-1 at 2]. They argue that since the instant action involves Builders seeking both a declaration that the underlying insurance policies do not provide coverage for the damages the Careys are seeking from Edmonds in state court, and a declaration that Builders may withdraw their defense of Edmonds in the currently scheduled February 2024 state court trial, the Careys have a real legal interest in the declaratory relief being sought. Builders contends that the Careys are not "additional insureds" or "intended beneficiaries" under the insurance policies. [Doc. 28 at 5-6]. In their view, absent "additional insured" status, the Careys would not be able to establish a significant legal interest in this action. [*Id*. at 6]. Builders also argues, without citation to legal authority, that even if the Careys were additional insureds, it would not provide them with a substantial interest in this litigation. [*Id*.].

The Careys direct the Court to the Additional Insured Endorsement [Doc. 1-3 at 19-20] and the Contractor's Blanket Additional Insured Endorsement [Doc. 1-4 at 16-17] as evidence of their

4

status as "additional insureds." [Doc. 22-1 at 2 and Doc. 29 at 3].[1] They further point to the New Home Construction Contract [Doc. 22-1 at 6-11] that requires Edmonds to provide "general liability insurance" to the Careys. [Doc. 22-1 at 11]. Builders references the same Additional Insured Endorsement and New Home Construction Contract in their Opposition brief, stating with little explanation and no further references that the Careys' interpretation of the policy language is incorrect.

Having reviewed the documents at issue, the Court finds there is some ambiguity with respect to whether the Careys should be construed as "additional insureds." With this in mind, the Court turns to well settled contract law principles. First, "courts should give effect to the parties' intentions as reflected in the written contract of insurance." *Wilson v. State Farm Fire & Cas. Co.*, 799 F. Supp. 2d 829, 835 (E.D. Tenn. 2011) (quoting *Harrell v. Minnesota Mut. Life Ins. Co.*, 937 S.W.2d 809, 814 (Tenn. 1996)). Second, "when a policy provision is susceptible to more than one construction, an ambiguity exists and the provision must be construed against the carrier and in favor of the insured and coverage." *Wilson*, 799 F. Supp. 2d at 835 (quoting *Memphis Furniture Mfg. Co. v. American Cas. Co.*, 480 S.W.2d 531, 532-33 (Tenn. 1972)). Here, the insurance policies at issue are susceptible to multiple potential interpretations as evidenced by the parties' opposing arguments. Accordingly, the ambiguity should be construed against Builders and in favor of coverage of the Careys as "additional insureds."

Builders asserts without citation to authority that even if the Careys are "additional insureds," "that would not create a substantial interest in this litigation." [Doc. 28 at 6]. From the plain language of Federal Rule of Civil Procedure 24, intervention must be allowed upon timely

---

[1] The relevant language provides that "Who is an insured is amended to include as an additional insured any person…when you and such person…have agreed in a written contract or written agreement that such person…be added to your policy…" [Doc. 1-4 at 91] and "Who is an insured…[includes] [a]ny person…which requires in a 'work contract' that such person…be made an insured under this policy…" [Doc. 1-3 at 20].

motion when a proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest…" Fed. R. Civ. P. 24(a)(2). Further, the Sixth Circuit has rejected the notion that Rule 24(a)(2) requires the intervenor to have a specific legal or equitable interest, opting for a "rather expansive notion" of what interest is sufficient. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). They have directed that "close cases should be resolved in favor of recognizing an interest under Rule 24(a)." *Grutter v. Bollinger*, 188 F.3d 394, 399 (6th Cir. 1999).

At its core, the declaration sought here implicates the coverage or non-coverage of damages suffered by the Careys. Given the Careys' status as "additional insureds," a declaration involving the damages they are pursuing in the underlying state matter is legally sufficient to fall within the "rather expansive" standard in the Sixth Circuit.

As the Careys have established they meet the requirements for mandatory intervention under Federal Rule of Civil Procedure 24(a), their petition for intervention as of right will be granted.[2]

**Motion to Dismiss**

The Careys argue that dismissal of this action is appropriate because the facts and circumstances here do not warrant an exercise of discretionary jurisdiction when analyzed under the *Travelers* factors. Builders disagrees, believing that each of the factors supports an exercise of jurisdiction.

1) **Will the declaratory action settle the controversy?**

The Careys argue that under any analysis, exercising jurisdiction here will not settle the

---

[2] Since the Court is granting intervention as of right, there is no need to consider the petition for permissive intervention.

underlying state court litigation – ultimately Edmonds' liability to them for damages will be determined in the state court action. [Doc. 23 at 7]. Builders argues that the only issue before this court is the question of coverage since Builders is not a party to the underlying state court action. [Doc. 28 at 9]. In their view, an exercise of jurisdiction here would settle the coverage controversy between Builders and Edmonds. Relying on the line of cases springing from *Northland Ins. Co. v. Stewart Title Guar. Co.*, Builders points to Sixth Circuit precedent holding that district courts were proper in exercising jurisdiction over DJA cases where a plaintiff-insurer only sought to determine if a defendant-insured was covered under an insurance policy. *Northland Ins. Co. v. Steward Title Guar. Co.*, 327 F.3d 448 (6th Cir. 2003). [Doc. 28 at 9].

However, district courts within this circuit have recognized "a split in Sixth Circuit decisions regarding these [the first two] factors." *Philadelphia Indemnity Insurance Company v. Priority Pes Control, LLC*, 398 F. Supp. 3d 280, 283 (M.D. Tenn. 2019). One line of cases has held that the proper inquiry is whether the declaratory judgment action will settle the immediate controversy. *Id*. The other line of cases concluded that the appropriate question is whether the declaratory action will settle the "ultimate, underlying state-court controversy, not just the immediate controversy…before the district court." *Id*. The Court agrees with the Careys' argument that the first line of cases strictly requiring only settling the immediate controversy is likely to waste judicial resources and require duplicative litigation. Accordingly, this Court will analyze the first two factors under the more comprehensive underlying state court litigation lens.

Ultimately, a declaration of coverage or non-coverage here would do little to resolve the underlying state court dispute. As it stands, the state trial court will have to make its own findings with respect to coverage for liability and damages purposes. The Court sees a declaration here as largely duplicative in that respect. Accordingly, the first factor weighs in favor of declining to

exercise jurisdiction.

### 2) Will the declaratory action serve to clarify the legal relations?

The second factor implicates the same intra-circuit split as the first factor, with some district courts requiring only that the instant declaratory action help clarify the legal relations of the instant parties in federal court, while others have held that a declaration must "clarify legal relations in the underlying state court action" to weigh in favor of exercising jurisdiction. *Philadelphia Indemnity Insurance Company*, 398 F. Supp. 3d at 283-284. As above, the Court finds that the more comprehensive underlying state court litigation analytical lens is most appropriate here.

A declaration here would not meaningfully clarify the legal relations between all the parties involved in both this action and the underlying state court action. Regardless of any declaration here, Edmonds will remain in litigation with the Careys in state court where liability and coverage disputes must still be resolved. Accordingly, the second factor also weighs in favor of declining to exercise jurisdiction.

### 3) Is this action being brought for procedural fencing purposes?

The Careys and Builders disagree on whether Builders seeking a declaration here involves procedural fencing or an attempt to race to *res judicata*. While the Court is sympathetic to Plaintiff's claim that they are merely seeking clarity as to their obligations to Edmonds, the Careys' point about the timing of this suit near the scheduled state court trial is well taken. Ultimately, the Court cannot conclude that this action was brought for procedural fencing purposes. However, following *Travelers Indem. Co.*'s holding, the third factor is neutral in the absence of facts demonstrating improper motive. *Travelers Indem. Co.*, 495 F.3d at 272.

### 4) Will the declaratory action increase friction between state and federal courts?

Arguing from *Northland Ins. Co.*, Builders asserts that district courts should consider these three sub-factors when analyzing potential friction between state and federal courts in declaratory actions: 1) whether the underlying factual issues are important to an informed resolution of the case; 2) whether the state trial court is in a better position to evaluate those factual issues than the federal court; and 3) whether there is a close nexus between the underlying factual and legal issues and state law, or whether the federal common law or statutory law dictates a resolution of the declaratory action. *Northland Ins. Co.*, 327 F.3d at 454.

Builders argues that since there are unresolved factual issues in the underlying state court litigation that do not need to be resolved to decide the instant declaratory action, the first sub-factor weighs in favor of exercising jurisdiction. [Doc. 28 at 12]. Their argument in support of the second and third subfactors is both less clear and less compelling. Surely a state trial court that regularly deals with contract disputes and is familiar with the underlying case is in a better position to evaluate factual issues related to coverage or non-coverage under an insurance contract than an unrelated federal district court. Further, while this Court could apply settled state law to interpret the insurance contract and declare the scope of the coverage, there is undoubtedly a close nexus between these issues and state law. Accordingly, the Court finds that on balance the fourth factor weighs in favor of declining to exercise jurisdiction.

### 5) Is there a more effective alternative remedy?

The parties agree that a district court should "deny declaratory relief if an alternative remedy is better or more effective." *Grand Trunk W.R.R. Co. v. Consol., Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). They disagree about the existence of an alternative remedy that would be more effective.


9

Case 3:23-cv-00187-CEA-DCP   Document 31   Filed 12/08/23   Page 9 of 11   PageID #: 441

The Careys argue that Builders could file a state court declaratory judgment action, seek to intervene in the state court action, or file an indemnity action against Edmonds at the conclusion of the state court action. [Doc. 23 at 11]. Builders argues that there is circuit precedent holding that requiring an insurer to intervene in a state court action between an insured and a third party or waiting until issues of liability are resolved before determining coverage obligations is worse than seeking a federal declaratory judgment. [Doc. 28 at 14] (citing *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 562 (6th Cir. 2008)).

It appears to this Court that Builders misinterprets the relevant holding from *Scottsdale Ins. Co.* In that case, the Sixth Circuit actually disagreed with the district court's finding that "the declaratory judgment is no less effective than any potential alternative remedy…In many ways, [the] alternative would have been better." *Scottsdale Ins. Co.*, 513 F.3d at 561-562. The Court believes that a state court intervention and declaratory action by Builders would make far more sense, allowing the parties to litigate all these issues on a single front before the state trial court while preserving judicial fiat. Accordingly, the Court finds that the fifth factor also weighs in favor of declining to exercise jurisdiction.

On balance, the *Travelers* factors weigh in favor of discretionarily declining to exercise jurisdiction over this matter. Accordingly, the Motion to Dismiss advanced by the Careys alongside their Motion to Intervene will be granted.

V. **CONCLUSION**

For the reasons explained above, the Careys' Motion to Intervene [Doc. 22] as a matter of right is **GRANTED**. Further, as the *Travelers* factors weigh in favor of declining to exercise jurisdiction over this declaratory action, their accompanying Motion to Dismiss [Doc. 22] is **GRANTED** and this action is **DISMISSED** for lack of jurisdiction.

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY JR.**
**UNITED STATES DISTRICT JUDGE**